UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ESHAGH WISEMAN,

                    Plaintiff,

      -against-

EL AL ISRAEL AIRLINES, LTD.,

                    Defendant.
------------------------------------------------------------x

Civil Action No.: 1:23-cv-2118

**COMPLAINT &**
**JURY TRIAL DEMAND**

The Plaintiff, ESHAGH WISEMAN, by his attorneys BOHRER & LUKEMAN, PLLC, as and for his complaint against the Defendant, EL AL ISRAEL AIRLINES, LTD., alleges the following upon information and belief:

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter known as "the Montreal Convention").

2. Plaintiff's ticket for travel, which forms the basis for the contract of international carriage aboard the subject flight, was purchased in the United States and Defendant operated flights therein, thus giving rise to subject matter jurisdiction for his claim under the Montreal Convention.

3. Plaintiff's travel destination pursuant to the contract of international carriage which forms the basis for this cause of action was the United States, and within this judicial district.

4. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, insofar as the Defendant derives revenue, benefits from, and transacts business within this judicial district.

5. Venue is also proper within this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as the events giving rise to Plaintiff's cause of action and resulting injuries took place aboard a commercial airline flight operating to this judicial district.

6. Plaintiff ESHAGH WISEMAN is a resident of the State of New York.

7. Defendant EL AL ISRAEL AIRLINES, LTD., ("EL AL") is a foreign for-profit corporation incorporated under the laws of the State of Israel, and authorized to do business in New York, with its principal place of business located at Ben Gurion International Airport, Lod, Israel (TLV).

8. Defendant EL AL maintains offices within the State of New York.

9. EL AL was and is a common carrier engaged in the business of transporting passengers for hire by air.

10. As part of its business as a common carrier of passengers by air, EL AL operates regularly scheduled flights to and from John F. Kennedy International Airport, Jamaica, New York (JFK), which is located within this judicial district.

11. EL AL employed, and continues to employ, flight and cabin crews responsible for the safe and secure operation of the flight as well as the safety and well-being of its passengers.

12. On October 23, 2022, EL AL operated and controlled a certain jet aircraft, designated as EL AL Flight LY3 ("the subject aircraft"), from Ben Gurion International Airport, Lod, Israel (TLV) to John F. Kennedy International Airport, Jamaica, New York (JFK) ("the subject flight").

13. On October 23, 2022, Plaintiff was a fare-paying passenger aboard the subject flight.

14. Said flight was conducted on an aircraft owned, leased, operated, staffed and/or otherwise controlled by Defendant EL AL.

15. On October 23, 2022, Defendant EL AL was responsible for the training, management, supervision, and/or control of its flight and cabin crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

16. On October 23, 2022, during the subject flight, Plaintiff, a gentleman of advanced age, was seated in the aircraft's business class cabin.

17. Plaintiff's business class cabin is outfitted with individual passenger modules containing seats capable of reclining into various articulating positions, including conversion into a flatbed by activation of a series of motors operated by a controller stationed within the module.

18. Prior to its use, Defendant's cabin crew failed to properly instruct and/or direct Plaintiff, and other passengers aboard the subject flight, in the proper and safe operation of the reclining seats.

19. During the flight, a portion of Plaintiff's lower extremity became entrapped in the moving seat as it changed positions.

20. Plaintiff called out for help in response to which Defendant's cabin crew member negligently and forcibly pulled and extracted Plaintiff's lower extremity therefrom, causing pain, and injuring Plaintiff as a result.

21. Said injuries occurred while aboard the subject flight.

22. Plaintiff's injuries resulted from an accident pursuant to Article 17 of the Montreal Convention, in that the injuries were caused by an unexpected or unusual event or occurrence external to the Plaintiff, and not by the Plaintiff's internal reaction to the normal operation of the aircraft.

23. As a result of said accident, Plaintiff was injured.

24. As a result of said accident, Plaintiff was seriously injured.

25. As a result of said accident, Plaintiff was permanently injured.

26. As a result of said accident, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

27. As a result of said accident, Plaintiff suffered great economic loss and in the future shall continue to suffer from same.

28. As a result of said accident, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

29. As a result of said accident, Plaintiff was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

30. As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

31. Defendant cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Plaintiff.

32. Defendant cannot meet its burden of proving that the injuries suffered by Plaintiff were caused solely by the acts of third parties.

**WHEREFORE**, Plaintiff ESHAGH WISEMAN demands judgment against Defendant EL AL in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury for all claims stated.

Dated:  March 20, 2023
        New York, New York

BOHRER & LUKEMAN, PLLC

_____
Abram I. Bohrer, Esq. (AB4336)
David A. Zeitzoff, Esq. (DZ9036)
*Attorneys for Plaintiff*
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel. (212) 406-4232